WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

ALP GOKSOY, an individual,            )
                                       )
                    Plaintiff,         )
                                       )
       vs.                             )
                                       )
SHERIFF JOSEPH M. ARPAIO; MARICOPA     )
COUNTY, a public entity; S. SANFILLIPPO;)
and M. LEWIS;                          )
                                       )
                                       )   No. 2:14-cv-1096-HRH
                    Defendants.        )
_____)

O R D E R

Motion to Dismiss

Defendants Maricopa County and Sheriff Joseph M. Arpaio move to dismiss all remaining § 1983 claims and all state law claims for direct liability asserted against them.[1] This motion is opposed.[2] Oral argument has not been requested and is not deemed necessary.

"On August 24, 2013, defendants Sanfillippo and Lewis were working a DUI/Youth Alcohol

---

[1]Docket No. 6.

[2]Docket No. 8.

-1-

Enforcement detail within the City of Tempe[.]"[3]  Sanfillippo and Lewis observed plaintiff Alp Goksoy, who appeared to be impaired, walking in the street and they asked him to get out of the street.[4]  After complying with that request, plaintiff started running and Lewis pursued plaintiff on foot and Sanfillippo followed plaintiff in his vehicle.[5]  Sanfillippo caught up with plaintiff and asked him to stop, which he did.[6]  Plaintiff approached Sanfillippo's vehicle and Sanfillippo got out and "pushed [plaintiff] against the trunk of another vehicle."[7]  "When defendant Lewis arrived, he forced [plaintiff] to the ground, and defendant Sanfillippo handcuffed [plaintiff] behind his back."[8]  Plaintiff alleges that when he was slammed against the trunk of the vehicle and/or forced to the ground, his jaw was fractured in several places and ten teeth were damaged.[9]

On January 29, 2014, plaintiff served a Notice of Claim upon defendants.[10]  The Notice only

---

[3] Complaint at 2-3, ¶ IX, attached to Notice fo Removal, Docket No. 1.

[4] Id. at 3, ¶¶ XI-XIII.

[5] Id. at 3-4, ¶¶ XIII-XV.

[6] Id. at 4, ¶ XVI.

[7] Id. at 4, ¶ XX.

[8] Id. at ¶ XXI.

[9] Id. at 4-5, ¶ XXII.

[10] Exhibit A, Defendants' Motion to Dismiss with Prejudice, Docket No. 6.  The court can consider this exhibit without converting the instant motion to dismiss into a motion for summary judgment because the complaint refers to the Notice, it is central to some of plaintiff's claims, and "no party questions the authenticity of the" Notice.  Marder v. Lopez, 450 F.3d 445, 448 (9th Cir.
(continued...)

lists defendants Maricopa County and Arpaio in the address section. Plaintiff's Notice does not contain any factual allegations as to Maricopa County or Arpaio.

On April 29, 2014, plaintiff commenced this action in which he asserts § 1983 claims and state law claims against defendants. Defendants Maricopa County and Arpaio now move to dismiss plaintiff's § 1983 claims and his state law claims for direct liability against them.

Plaintiff concedes that his complaint fails to state plausible § 1983 claims against Arpaio in both his individual and official capacity and that his complaint fails to state a plausible § 1983 claim against Maricopa County.[11] The motion to dismiss as to these claims is granted. However, these claims are dismissed without prejudice because it is possible that plaintiff may uncover facts to support these claims once discovery in this case is undertaken.

The motion to dismiss as to plaintiff's state law claims for direct liability against Maricopa County and Arpaio is also granted because plaintiff did not dispute that he did not comply with A.R.S. § 12-821.01(A). However, these claims are dismissed with prejudice because any amendment would be futile.

DATED at Anchorage, Alaska, this <u>21st</u> day of July, 2014.

/s/ H. Russel Holland  
United States District Judge

---

[10](...continued)  
2006).

[11]Plaintiff's Response to Motion to Dismiss at 3-4, Docket No. 8.